Clarence ALLEN, Plaintiff–Appellant,

v.

PACIFIC BELL; SBC Communications, Inc., and Does 1 to 100, Inclusive, Defendants–Appellees.

Clarence Allen, Plaintiff–Appellant,

v.

Pacific Bell; SBC Communications, Inc., and Does 1 to 100, Inclusive, Defendants–Appellees.

Clarence J. Allen, Plaintiff–Appellant,

v.

Pacific Bell; SBC Communications, Inc., Defendants–Appellees.

Nos. 02–55721, 02–56375, 02–56531.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Filed Nov. 10, 2003.

Carney R. Shegerian, Shegerian & Associates, Beverly Hills, CA, Gerald M. Serlin,

Douglas G. Benedon, Benedon & Serlin, Woodland Hills, CA, for the plaintiff-appellant.

George E. Preonas, Los Angeles, CA, for the defendants-appellees.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

PER CURIAM.

Clarence Allen appeals the district court's order granting summary judgment on his claims that Pacific Bell discriminated against him under federal and state disability law. *Allen v. Pacific Bell,* 212 F.Supp.2d 1180 (2002). We affirm the district court's ruling for the following reasons only.

■ For Allen to establish a prima facie case under the Americans with Disabilities Act ("ADA") that Pacific Bell failed to accommodate his disability, he must first demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Nunes v. Wal–Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir.1999).[1]

■ Allen claims that the only accommodation that he needed in order to return to his Services Technician position was a special assignment to tasks that did not require climbing poles and ladders. Pacific Bell contends that even if it had complied with Allen's requested accommoda-

---

1. California relies on ADA precedents to interpret analogous provisions of the state's Fair Employment and Housing Act. Cal. Gov't Code § 12940. *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 271 (9th Cir.1996).

tion, he would not have been qualified to perform the essential tasks of a Services Technician. In May–June 2000, Pacific Bell evaluated Allen to determine whether his health had improved sufficiently for him to return to work. Dr. Greenberger, an independent consultant to Pacific Bell, reported that Allen was "capable of sedentary work, mainly sitting, with minimal walking." Allen's personal physician, Dr. Lim, submitted a letter to Pacific Bell, stating that Allen was "unsafe and unfit to do any other type of work except a desk job" and he should "at this point, permanently work in that type of capacity."

Based on these medical evaluations, Pacific Bell concluded that Allen could "work with restrictions," but not as a Services Technician, a position that required more than sedentary work. In July 2000, Pacific Bell initiated a search for an appropriate position for Allen that accorded with both physicians' determination that he was qualified only for a sedentary desk job.

While Pacific Bell was searching for an alternative job, Allen asked several times to be reinstated into his old Services Technician position. Pacific Bell requested that Allen submit medical documentation to support his contention that his physical condition had improved. This request was made pursuant to Pacific Bell's policy that it would reconsider an employee's disability restrictions if he submitted medical evidence that his health had changed. Allen failed to submit any medical evidence prior to his termination.

Because Allen was requested, but failed, to submit additional medical evidence that would serve to modify his doctor's prior report, Pacific Bell's determination that he was qualified only for desk work was appropriate. Pacific Bell did not have a duty

under the ADA or California law to engage in further interactive processes with respect to the Services Technician position in the absence of any such information. *See Mathews v. Denver Post,* 263 F.3d 1164, 1168 (10th Cir.2001); *Weigel v. Target Stores,* 122 F.3d 461, 467 (7th Cir.1997); *Hanson v. Lucky Stores, Inc.,* 74 Cal. App.4th 215, 228, 87 Cal.Rptr.2d 487 (1999).

▮ Even if Allen was not qualified to perform a Services Technician job with reasonable accommodation, Pacific Bell still had a duty to engage in an interactive process to consider whether an alternative accommodation within the company would be possible. *Humphrey v. Memorial Hosp. Ass'n,* 239 F.3d 1128, 1137–39 (9th Cir.2001); *Smith v. Midland Brake,* 180 F.3d 1154, 1177 (10th Cir.1999). Allen claims that Pacific Bell failed to fulfill this obligation. ·

Pacific Bell presented evidence that it had established in partnership with the Communications Workers of America, Allen's collective bargaining agent, a transfer system that provided disabled employees with super-seniority and multiple options to select an alternative job, and that guaranteed their right to transfer back to their former jobs if their medical condition so permitted.

Under this system, Allen was required to take certain tests to qualify for certain positions to which he matched in the job search process.[2] When Allen did not appear for a keyboard test, he lost all further rights to additional accommodation under Pacific Bell's policies and the collective bargaining agreement. Allen claimed that he did not take the test because he feared that he would fail it as he had.done twice before. Even if Allen had not passed this

---

**2.** Certain other positions did not require testing, but the pay rate was lower. Allen was offered one of these positions as well, but never responded. Under the transfer system,

Allen's failure to accept the offer of a lower-paid job did not relieve Pacific Bell of its obligation to continue with the accommodation process.

test for a third time, however, the company's search for an alternative job would have continued. Because Allen failed to cooperate in the job-search process, we cannot say that Pacific Bell failed to fulfill its interactive duty.

In its opinion, the district court ruled on a host of other issues that we do not reach in affirming its summary judgment ruling.[3] Accordingly, we do not adopt its other rulings. We do find, however, that class certification would be improper with respect to Allen's charge that Pacific Bell discriminated against all elderly or disabled Services Technicians because Allen is not a proper class representative in light of the dismissal of his claims.[4]

**AFFIRMED.**

**3.** We do, however, find that the district court did not abuse its discretion when it denied Allen a continuance to oppose Pacific Bell's motion for summary judgment. The additional discovery that Allen sought would not have addressed either of the issues that we hold to

be determinative. *See Allen,* 212 F.Supp.2d at 1201–02.

**4.** Allen was the only named class representative.