ENRICHING, INC., Plaintiff—Appellant,

v.

CITY OF FOUNTAIN VALLEY, a Municipal corporation, Defendant—Appellee.

No. 03–57121.

D.C. No. CV–02–00337–JVS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Oct. 4, 2005.

Michael Lee Gilmore, Esq., Law Offices of Michael Lee Gilmore, Orange, CA, for Plaintiff–Appellant.

Steven D. Schatz, Esq., Tustin, CA, John C. Barber, Esq., Law Offices Barber & Bauermeister, Santa Ana, CA, for Defendant–Appellee.

Before GRABER and W. FLETCHER, Circuit Judges, and FOGEL,* District Judge.

## MEMORANDUM **

Enriching, Inc. ("Enriching") commenced this action against the City of Fountain Valley, California (the "City"), claiming that the City discriminated against it as a representative of its disabled clients in violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131–165. After a short trial, the jury returned a verdict in the City's favor. We conclude that there is sufficient evidence to support the jury's decision and that none of Enriching's other grounds for appeal has merit.

On appeal from a jury verdict, our standard of review is whether the evidence is adequate to support the jury's conclusion. *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002). Title II requires public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid dis-

crimination on the basis of disability." 28 C.F.R. § 35.130(b)(7).[1] The ADA does not require a public entity to grant any accommodation requested by an applicant. It requires only that a proposed accommodation be reasonable. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002).

Enriching claims that the jury erroneously refused to find the City liable for its failure to reasonably accommodate the needs of Enriching's clients. The district court instructed the jury that, if it concluded that the City tried to negotiate with Enriching for a reasonable accommodation, and if Enriching refused to respond in good faith, the jury could reject Enriching's Title II claim. In related contexts, once the need for a reasonable accommodation is established, parties must engage in an interactive process to determine the appropriate accommodation. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111–12 (9th Cir.2000) (en banc) (applying the interactive process requirement in a Title III case), *rev'd on other grounds*, 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002); *see also Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir.2002) (applying the interactive process requirement in a Rehabilitation Act case). Both sides must participate in this "good-faith exploration of possible accommodations." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir.2001). Failure to do so by the party seeking an accommodation can defeat a claim for discrimination. *See Allen v. Pac. Bell*, 348 F.3d 1113, 1115–16

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Title III of the ADA and other disability discrimination statutes use the term "reasonable accommodation" instead of "reasonable modification," but the Ninth Circuit uses both terms interchangeably. *See McGary v. City of Portland*, 386 F.3d 1259, 1266 n. 3 (9th Cir. 2004).

(9th Cir.2003) (per curiam) (affirming summary judgment when the plaintiff refused to participate in an interactive process with his prospective employer).

The evidence presented at trial is adequate to support the jury's verdict. The City initiated two meetings, on October 31 and November 9, 2001, and made clear to Enriching that the City likely would approve an amended application if Enriching made changes discussed at the meetings. Enriching refused to re-submit its application. The jury was entitled to conclude that this refusal absolved the City of any further obligation to offer a reasonable accommodation. *See Allen,* 348 F.3d at 1116 (rejecting a Title III reasonable accommodation claim when the plaintiff refused to "cooperate in the job-search process" initiated by his employer).

Although Enriching attempted before the City Council to agree orally to the changes the parties discussed, the City was entitled to insist upon the re-submission of a formal application, with changes included. The City had no obligation to exempt Enriching from its normal procedures for obtaining a conditional use permit. *See Allen,* 348 F.3d at 1115–16 (approving a grant of summary judgment when the employee refused to participate in the employer's established procedures for job reassignment); *see also United States v. Vill. of Palatine,* 37 F.3d 1230, 1234 (7th Cir.1994) (holding in a zoning case that a municipality "must be afforded an opportunity to make such an accommodation pursuant to its own lawful procedures").

Enriching's other grounds for appeal also are unpersuasive. Assuming (but not deciding) that the district court wrongly failed to admit certain evidence and allowed the City's counsel to make improper comments in his closing argument, any error was harmless. Also, the district court committed no plain error when it instructed the jury that evidence indicated that Enriching did not participate in the interactive process. *See* Fed.R.Civ.P. 51(d)(2) (prescribing plain error review for jury instructions in civil cases not objected to below). The evidence at trial supported the district court's instruction, and the court's comment on the evidence fell well short of that which would require reversal. *See United States v. Laurins,* 857 F.2d 529, 537 (9th Cir.1988) (holding that a court's comment on the evidence constitutes reversible error "only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality").

AFFIRMED.