**Craig KICH, Plaintiff—Appellant,**

v.

**CITY OF RENO, a municipal corporation, Defendant— Appellee.**

**No. 04–15514.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 20, 2005.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

Creighton C. Skau, Esq., Reno City Attorney's Office, Reno, NV, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, FARRIS and CALLAHAN, Circuit Judges.

## MEMORANDUM *

The City of Reno employed Craig Kich as a heavy-equipment driver and terminated his employment once his commercial driver's license was revoked a second time for driving under the influence of alcohol and due to Kich's history of substantial discipline for violating work policies. He brought claims for relief under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), alleging that the City's real reasons for termination were on account of him being over 40 years old and an alcoholic.[1]

The district court granted summary judgment to the City on both of Kich's employment-discrimination claims, and Kich now appeals. We review the district court's grant of summary judgment de novo and may affirm on any basis presented in the record, construing the evidence in the light most favorable to the nonmoving party. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

■ Kich's arguments are not persuasive because he has failed to present evidence that establishes all of the elements of a prima facie case for either age or disability discrimination. Specifically, Kich has not demonstrated that he was performing his job adequately, and there is no evidence that the City replaced him with an equally or less qualified younger employee. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141–42, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (explaining that a prima facie case of age discrimination must include a showing that the claimant was performing his job adequately and was replaced by a substantially younger employee with equal or inferior qualifications); *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1281 (9th Cir. 2000) (same). In addition, Kich cites nothing, other than his own conclusory statements, to support his contention that the City terminated him due to a disability. *See Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir.2003) (noting that a prima facie case of disability discrimination requires the claimant to show that his employer terminated him because of his disability) (citing *Nunes v. Wal–Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir.1999)).

■ Even assuming that Kich were able to prove each of the prima facie elements, his claims would still not survive summary judgment because he failed to offer sufficient evidence to rebut the City's presen-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we reference the facts here only as they are necessary to explain our disposition.

tation of legitimate, non-discriminatory reasons for termination. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918 (9th Cir.1996) (emphasizing that the employee must produce enough evidence to allow a reasonable trier of fact to conclude that a discriminatory reason likely motivated the employer or the employer's explanation is unworthy of credence). The City's reasons for termination include the revocation of Kich's commercial driver's license, his prior license revocation, his previous suspensions from work without pay, and the fact that he received several warnings that any further license revocation could result in his termination. Accordingly, the district court's grant of summary judgment to the City is

AFFIRMED.