Sally A. PICKENS, an individual,
Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 06-35325.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Oct. 29, 2007.

Philip A. Talmadge, Esq., Anne E. Melley, Esq. Fax, Talmadge Law Group, PLLC, Tukwila, WA, for Plaintiff–Appellant.

Helen J. Brunner, Esq., Marion J. Mittet, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, BEAM,** and RYMER, Circuit Judges.

MEMORANDUM ***

Sally Pickens appeals an order granting the Social Security Administration's (SSA) motion for dismissal and summary judg-

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

ment in her action for disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* (RHA). We affirm.

## I

The ADA (from which the RHA borrows substantive standards), *Lopez v. Johnson,* 333 F.3d 959, 961 (9th Cir.2003), prohibits employment discrimination against qualified individuals on the basis of disability; discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . ." 42 U.S.C. § 12112(b)(5)(A). When, as here, the discrimination claim is based on a failure to accommodate, the plaintiff's prima facie case requires a showing that (1) she is disabled; (2) she is qualified; and (3) a reasonable accommodation is facially possible. *See Buckingham v. United States,* 998 F.2d 735, 739–40 (9th Cir.1993). While the parties make a number of arguments, this appeal turns on whether the SSA's actions with respect to a liberal leave accommodation and working from home part-time were reasonable. We conclude that as to each, Pickens failed to raise a triable issue.

The liberal leave accommodation that she had been granted in 1994 was ended in November 1997, following a settlement of EEO claims and the expiration of a get-well period. It is undisputed that the SSA told Pickens that normal rules for leave would then apply, and that she could request an accommodation at any time. At this point, the most recent medical input showed that Pickens's progress was "good" and that it should be possible to control all of her chronic problems. Both Pickens and her doctor indicated that she could work a regular full-time schedule, and

Pickens herself did not ask for any accommodation. In these circumstances, there is no triable issue that it was reasonable to stop the liberal leave accommodation.

When Pickens later raised the possibility of working from home on an as-needed basis (April 1999), her only substantiation for the request was a letter from her physician which simply listed her diagnosed conditions and their date of onset. There is no dispute that she understood that she needed to provide medical documentation, or that she was aware of what information was required. She was told this was insufficient, and makes no argument that it was. *See Allen v. Pac. Bell,* 348 F.3d 1113, 1115 (9th Cir.2003) (holding that if the employer requests reasonable medical evidence to support an employee's claim of changed condition, the employer is under no obligation to engage in further interactive processes if the employee fails to submit such evidence). Dr. Halpern's subsequent report (May 1999) discussed lower back pain, and concluded that a "full recovery" was expected within two weeks for which "no duty restrictions" were expected to be necessary. It is uncontroverted that this, too, was inadequate support for the request. Pickens's last request for accommodation included a report from her psychiatrist (September 20, 1999), but Pickens had voluntarily resigned effective September 25 and was on paid administrative leave in the meantime. There was no possibility that Pickens could have benefitted from an accommodation while on leave. *See Barnett v. U.S. Air, Inc.,* 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc), *vacated on other grounds, U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002).[1]

---

ed by 9th Cir. R. 36–3.

1. Pickens's arguments that the SSA failed to follow proper procedures, and is judicially estopped, are waived as they are raised for

the first time in reply. *See U.S. v. 191.07 Acres of Land,* 482 F.3d 1132, 1137 n. 2 (9th Cir.2007).

## II

To make out a prima facie case of retaliation, Pickens must show that she engaged in protected activity (which filing of EEO complaints would be); the SSA subjected her to an adverse employment action; and a causal link exists between the two. *See, e.g., Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000).

Pickens does not quarrel with the SSA's submission that she is now precluded from pursuing leave-restriction claims as they were raised in union grievances.

Pickens argues that supervisors engaged in harassment, accusations, and warnings over her absences, but offers no specifics. Absent specifics, it is impossible to tell whether there is any causal connection to any EEO filing or whether the discussions amounted to adverse actions that would dissuade a reasonable person.[2]

Finally, Pickens failed to bring claims related to termination of her liberal leave accommodation to the EEO in time. In any event, no inference may be drawn that this action was in retaliation for the October 1995 EEO complaint, as it had been filed more than two years earlier and had been settled six months earlier.

## III

"Constructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." *Brooks v. City of San Mateo,* 229 F.3d 917, 930 (9th Cir.2000). The plaintiff must show that "the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Pennsylvania State Police v. Suders,* 542 U.S. 129, 134, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). None of the acts upon which Pickens relies left early retirement as the only reasonable alternative. The get-well period was agreed upon by both sides in a settlement, and appeared to all to have served its purpose. Revocation of liberal leave could not objectively be viewed as hostile given the settlement agreement and Pickens's representations. The leave restriction was lifted in May 1999, so cannot support a constructive discharge claim. And nothing in the record supports Pickens's argument that she felt financially constrained to retire such that the proposed removal amounted to a hostile-working-environment constructive discharge, or that any reasonable person would have felt compelled to resign in the face of the proposal itself.

AFFIRMED.

---

2. To the extent Pickens points to particular episodes in reply, it comes too late. Regardless, there is no indication in the record that anything adverse could flow from the January and October 1998 warnings. They simply reflect SSA's expectations. Possibly the proposed removal could be an adverse employment action, but this action came more than five months after the March 15, 1999 EEO complaint and meanwhile, Pickens had grieved (and tried to settle) her February AWOL assessment, requested a work-at-home accommodation, and had her leave restriction

lifted. No reasonable inference of causation arises in these circumstances.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.