Ronald D. BRAY, Plaintiff—Appellant,

v.

John E. POTTER, Postmaster General; et al., Defendants—Appellees.

No. 06–35921.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 18, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas Towe, Esq., Gary Beiswanger, Esq., Billings, MT, for Plaintiff–Appellant.

Timothy J. Cavan, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

Before: THOMPSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM **

Ronald D. Bray appeals the district court's order granting summary judgment to John E. Potter, the Postmaster General for Bray's employer, the United States Postal Service ("USPS"). Bray brought this action against Potter for: (1) disability discrimination, in violation of the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*; and (2) retaliation for filing a discrimination complaint with the USPS Equal Employment Office ("EEO"), also in violation of the Rehabilitation Act.

Bray has worked as a rural route mail carrier for the Post Office in Park City, Montana since 1992. In 1998, Bray sustained back and neck injuries in an on-the-job automobile accident, but he was able to continue performing his work without

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

physical limitation. In late 2002, Bray underwent elective surgery to alleviate symptoms of his back and neck injury. Bray's surgery was successful, but his doctor recommended Bray take a 5 minute break after every 30 minutes of work on a permanent basis. The USPS has always allowed Bray to take his doctor-recommended 5 minute breaks. In early 2003, while Bray was on medical leave, the USPS conducted a regularly scheduled "route count," which establishes the amount of time postal delivery should take on a given rural route and which thereby sets the corresponding pay for that route—regardless how long it takes the carrier to deliver the route.[1]

Bray challenges as discriminatory the 2003 route count because it fails to take into account the 5 minute breaks for every 30 minutes of work his doctor recommends for him ("Count I"). Bray also asserts his supervisor retaliated against him for filing an EEO complaint alleging the route count was discriminatory ("Count II").

■ The district court granted Potter's motion for summary judgment on both of Bray's counts. As to Count I, the district court held the evidence does not establish a triable issue of fact as to whether Bray is disabled under the Americans with Disabilities Act ("ADA").[2] Thus, Bray failed to establish a prima facie case of disability discrimination. As to Count II, the district court held Bray failed to exhaust his administrative remedies because he filed an untimely EEO retaliation complaint and then, when the EEO dismissed his complaint as untimely, filed an untimely notice of administrative appeal of the dismissal.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1408 (9th Cir.1996), and we affirm.

The district court did not err by granting Potter summary judgment on Count I, because the evidence fails to create a triable issue of fact as to whether Bray was disabled. Bray cannot establish a prima facie case of disability discrimination under the Rehabilitation Act because he has not shown he is "disabled" under the ADA. 42 U.S.C. § 12101 *et. seq.; Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir.2003). Specifically, the evidence does not create a triable issue of fact as to whether Bray is substantially limited in a major life activity. *See Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 195–97, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); 42 U.S.C. § 12102(2)(A).

■ The district court did not err by granting Potter summary judgment on Count II on the ground Bray failed to exhaust administrative remedies. Both of Bray's administrative filings relating to Count II—his formal EEO retaliation complaint and his appeal of the dismissal of his EEO complaint as untimely—were untimely. *Vinieratos v. United States,* 939 F.2d 762, 770 (9th Cir.1991) (dismissing Rehabilitation Act claim because plaintiff did not satisfy "what the Supreme Court has described as the 'rigorous administrative exhaustion requirements' of Title VII"). Bray asserts for the first time on appeal that the time to file his administrative appeal should be calculated based on the later date he personally received the notice of his complaint's dismissal instead of the earlier date his attorney of record received the notice. This argument is waived be-

---

1. Because the facts are known to the parties, we revisit them only as necessary.

2. The legal standards for Rehabilitation Act claims are provided by the Americans with Disabilities Act ("ADA"). 29 U.S.C. § 791(g). The substantive rights, remedies, and procedures for Rehabilitation Act claims are provided by Title VII. 29 U.S.C. § 794a(a)(1).

cause Bray failed to present it to the district court and the district court did not rule on it. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir.1989). Further, the regulations governing administrative appeals to the Equal Employment Opportunity Commission clearly state that when a complainant is represented by an attorney of record, the date the attorney receives notice begins the 30 day period for filing an administrative appeal. 29 C.F.R. § 1614.402(b). Bray did not file his notice of administrative appeal within 30 days after his attorney received notice of the EEO's dismissal of his untimely complaint. Thus, he failed to exhaust his administrative remedies.

**AFFIRMED.**

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.