MEMORANDUM **
Jonelle Gamez-Morales sued her former employer, Pacific Northwest Renal Services, LLC (“Pacific Northwest”), for violations of the Americans with Disabilities Act (“ADA”), Title VII, the Family and Medical Leave Act (“FMLA”), and related provisions of Oregon state law. GamezMorales also brought a defamation claim against her former co-worker, Cindy Bain. The district court granted summary judgment in favor of Pacific Northwest and Bain on all claims. Gamez-Morales appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
*574 The record supports the district court’s determination that statements made in paragraphs 47, 55-64, 66-67, and 69 of Gamez-Morales’s declaration contradicted her deposition testimony, and that these contradictions were embellishments calculated “to aid in the defense of Defendants’ motion for summary judgment.” Thus, the district court did not abuse its discretion in striking the challenged statements. See Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir.1991) (holding that a party cannot “create” an issue of fact by submitting an affidavit contradicting prior deposition testimony in an attempt to avoid summary judgment).
The district court also correctly concluded that Gamez-Morales failed to comply with Fed.R.Civ.P. 30(e), and thus did not abuse its discretion in striking the deposition correction sheet. See Hambleton Bros. Lumber Co. v. Balkin Enter. Inc., 397 F.3d 1217, 1226 (9th Cir.2005) (holding that compliance with Fed.R.Civ.P. 30(e) and 30(f)(1) is an absolute prerequisite for correcting a deposition under Rule 30(e)).
Gamez-Morales failed to show that her requested accommodation of transfer to another work station was reasonable, and thus failed to make a prima facie case of discrimination under federal and state law. See Allen v. Pac. Bell, 348 F.3d 1113, 1114 (9th Cir.2003) (plaintiff must show she “is a qualified individual able to perform the essential functions of the job with reasonable accommodation”); Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir.2001) (standard for establishing prima facie case of discrimination under Oregon law is identical to standard under federal law). The requested accommodation conflicted with Pacific Northwest’s neutral policy that prohibited the transfer of an employee within six months of disciplinary action. In such circumstances, an employee’s request for a transfer is ordinarily found to be unreasonable. U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 402-03, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). To avoid that result, the employee must produce “evidence of ... special circumstances surrounding the particular case that demonstrate the assignment is nonetheless reasonable.” U.S. Airways, 535 U.S. at 406, 122 S.Ct. 1516. Absent such evidence, a showing that the assignment or transfer would violate the disability-neutral policy warrants summary judgment for the employer. Id. GamezMorales did not present such evidence. Accordingly, summary judgment in favor of Pacific Northwest on this claim was proper.
Gamez-Morales contends Pacific Northwest retaliated against her for taking protected leave. She failed, however, to raise a genuine issue of material fact as to whether Pacific Northwest’s decision to terminate her was improperly motivated by her decision to take leave. Cf. Xin Liu v. Amway Corp., 347 F.3d 1125, 1136 (9th Cir.2003) (finding triable issue of material fact existed). Thus the district court did not err in granting summary judgment in favor of Pacific Northwest on this claim.
The record also supports the district court’s determination that Gamez-Morales failed to bring her gender discrimination claims within the applicable statute of limitations prescribed by 42 U.S.C. § 2000e-5(e) and Or. Admin. R. 839-003-0025. In addition, the alleged discrimination was not pervasive or severe enough to create a hostile work environment. See Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (holding that “isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment”) (citation and internal quotation marks omitted).
*575 Finally, Gamez-Morales failed to establish a prima facie case of retaliation under Title VII. She did not establish a causal link between the alleged adverse employment actions and the exercise of her Title VII rights. See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir.1994).
The district court also properly rejected Gamez-Morales’s workers’ compensation retaliation claim because she failed to establish a causal connection between the alleged adverse employment action and her request for workers’ compensation. See Williams v. Freightliner, LLC, 196 Or.App. 83, 100 P.3d 1117, 1121 (2004). See also Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 274, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (noting that the temporal proximity between the alleged adverse employment action and the protected activity must be “very close” to constitute evidence of causality).
Gamez-Morales also failed to establish a prima facie case under Or.Rev. Stat. § 659A.230. She has failed to cite any authority to support her claim that her internal complaints to co-workers and supervisors are protected by Or.Rev.Stat. § 659A.230. Her reliance on Bjurstrom v. Oregon Lottery, 202 Or.App. 162, 120 P.3d 1235, 1239 (2005) is misplaced: Bjurstrom interprets Or.Rev.Stat. § 659A.203, a statute that only applies to public employers. Pacific Northwest is not a public employer within the definition of Or. Admin. R. 839-010-0010(8). Thus, the district court did not err in concluding that Gamez-Morales’s internal complaints are not protected by Or.Rev.Stat. § 659A.230.
With regard to the external complaints Gamez-Morales made to various administrative agencies, Gamez-Morales failed to introduce any evidence that showed Pacific Northwest “knowingly” discriminated or retaliated against her. See Or.Rev.Stat. § 659A.230; Or. Admin. R. 839-010-0100(5). The district court did not err in granting summary judgment against Gamez-Morales because she failed to present any evidence from which a rational juror could conclude that her complaints caused her termination or any other alleged adverse action.
Paragraphs 72 and 73 of GamezMorales’s declaration contain hearsay statements which do not fall within any exception, and as such, would not be admissible at trial. Fed.R.Evid. 801, 802. She has made no showing that the facts underlying the declaration could be presented in an admissible form at trial, and thus, that her declaration should be considered for purposes of summary judgment. Cf. Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 846 (9th Cir.2004) (concluding that hearsay evidence could be presented in admissible form at trial); Fraser v. Goodale, 342 F.3d 1032, 1037 (9th Cir.2003) (same). Her declaration in support of her defamation claim, therefore, is inadequate under Fed.R.Civ.P. 56(e). See Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir.2001) (holding that an affidavit which contained hearsay statements that were not based on personal knowledge and failed to set forth facts that would be admissible in evidence did not meet the requirements of Rule 56(e)). Aside from her declaration, Gamez-Morales has not presented any other evidence in support of her defamation claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.