MEMORANDUM **
Plaintiff Marlen Reza appeals the district court’s order granting summary judgment in favor of Defendant International Game Technology (“IGT”), Reza’s former employer, on claims that she was terminated in violation of the Family and Medical Leave Act (“FMLA”) and the Americans with Disabilities Act (“ADA”). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The FMLA did not require IGT to restore Reza to her lead position or to another position because she was unable to perform an essential function of her position. See 29 C.F.R. § 825.216(c). Reza *190 could not speak, and there is no genuine dispute that speaking was an essential function of her position. Reza also has not demonstrated that IGT violated 29 C.F.R. § 825.220(c) by using her FMLA-protected leave as a negative factor when it eliminated one of the lead positions. See Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1125 (9th Cir.2001). Accordingly, the district court properly granted summary judgment on Reza’s FMLA claim.
The district court also properly granted summary judgment on the ADA claim. IGT sufficiently engaged in the ADA-mandated interactive process with Reza regarding reasonable accommodations for her speaking disability.[1] See Humphrey v. Mem’l Hosps. Ass’n, 239 F.3d 1128, 1137 (9th Cir.2001). Reza’s December 2004 discussions with IGT resulted in a reasonable accommodation, an extension of Reza’s medical leave. See id. at 1135-36. In March 2005, IGT offered Reza another accommodation, reassignment to a position on the production line based on the restrictions IGT ascertained from Reza’s doctor. The reassignment was a reasonable accommodation because no accommodation would allow Reza to perform the essential functions of the lead position, and there was no vacant equivalent position to which IGT could reassign Reza. See 42 U.S.C. § 12111(9)(B); Dark v. Curry County, 451 F.3d 1078, 1089 (9th Cir.2006); 29 C.F.R. pt. 1630, app. § 1630.2(o). After Reza rejected that reasonable accommodation, she was no longer a qualified individual under the ADA.[2] See 29 C.F.R. § 1630.9(d).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because IGT conceded the issue, we need not decide whether Reza suffered from an ADA-recognized disability. See 42 U.S.C. § 12102(1)(A).

. Additionally, as Reza failed to provide medical evidence supporting her new "smells” condition, IGT was not required to engage in further interactive processes, and Reza was not entitled to accommodation under the ADA. See Allen v. Pac. Bell, 348 F.3d 1113, 1115-16 (9th Cir.2003) (per curiam).