**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINTHYA CARBAJAL AVILES, | No. 12-56144 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02589-H-NLS |
| v. | |
| ALUTIIQ SECURITIES & TECHNOLOGY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Cinthya Carbajal Aviles ("Aviles") appeals the district court's grant of

summary judgment in favor of Alutiiq Security & Technology ("Alutiiq"). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Aviles asserts employment discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 *et seq.* To establish a prima facie case of discrimination under those Acts, Aviles must show that she (1) is disabled, (2) is a qualified individual able to perform the essential functions of the position, and (3) was discriminated against because of her disability. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988–89 (9th Cir. 2007). Aviles is not a qualified individual, and thus has no protection under either Act. *Cripe v. City of San Jose*, 261 F.3d 877, 887 (9th Cir. 2001) ("If a disabled person cannot perform a job's 'essential functions' . . . then the ADA's employment protections do not apply."); *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 n.1 (9th Cir. 2003) ("California relies on ADA precedents to interpret analogous provisions of the [FEHA]."). By her own admission, Aviles was never able to fulfill the physical requirements of her position and should never have been hired in the first place.

Aviles' intentional infliction of emotional distress claim fails because the California Workers' Compensation Act preempts such claims in the employment context. *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 747 (1992).

**AFFIRMED.**

-2-