MEMORANDUM *
Plaintiffs Ronald Ryan and Lanie Ber-rett appeal the district court’s order granting summary judgment in favor of defendant Clark County School District (Clark County). We have jurisdiction under 28 U.S.C. § 1291.
The district court erred in granting Clark County’s motion for summary judgment on Mr. Berrett’s claim for retaliatory discharge under the Idaho Protection of Public Employees Act (Idaho Whistleblower Act). Mr. Berrett established a prima facie case of retaliatory conduct by presenting evidence that: he engaged in protected activity by reporting “a violation or suspected violation of a law,” Idaho Code § 6-2104(l)(a); he suffered an “adverse action” when he was terminated, id. § 6-2103(1); and the “close relation in time” between them, among other factors, suggests he may have been fired for reporting the propane issue. Curlee v. Kootenai Cty. Fire & Rescue, 148 Idaho 391, 397, 224 P.3d 458 (2008). This is sufficient to create a genuine issue of material fact to survive summary judgment. Id. at 396, 224 P.3d 458 (holding that the McDonnell Douglas burden-shifting framework does not apply ■to claims under the Idaho Whistleblower Act at the summary judgment stage). ■ ■
The district court correctly held that Ms. Berrett did not engage in any protected activity and therefore cannot bring a claim under the Idaho Whistleblower Act. However, the court failed to address Ms. Berrett’s common law claim for termination in violation of public policy—that is, firing her in retaliation for her husband’s statutorily protected whistleblower activity—and should consider on remand wheth *625 er this claim also survives summary judgment.
The district court did not err in granting Clark County’s motion for summary judgment on the Berretts’ claims under the Americans with Disabilities Act of 1990 (ADA), because the Berretts failed to raise a genuine issue of material fact as to whether they were terminated “because of [Mr. Berrett’s] disability.” Allen v. Pacific Bell, 348 F.3d 1113, 1114 (9th Cir. 2003) (per curiam). The Berretts also argue that they were terminated for Mr. Berrett’s reasonable accommodation requests but failed to produce evidence supporting this theory.
Nor did the district court err in granting Clark County’s motion for summary judgment on the Berretts’ claims under the Fair Housing Act. Clark County provided evidence that the Berretts were evicted because they were no longer employees, and the Berretts do not offer any direct or circumstantial evidence that they were evicted because of Mr. Berrett’s disability. Nor is there a genuine issue of material fact as to whether Clark County raised the Berretts’ rent or altered the Berretts’ payment policy because of Mr. Berrett’s disability. Although Clark County asserted that it changed the Berretts’ payment policy to avoid raising Mr. Ber-rett’s income to the point where he would lose his disability benefits, such economic considerations do not constitute discrimination based on disability.
Finally, the district court did not err by declining to rule on evidentiary objections that were not “material to its ruling.” Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010) (en banc).
The parties shall bear their own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.