NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES P. TURNER, | No. 16-15808 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00306-BMK |
| v. | |
| ASSOCIATION OF APARTMENT OWNERS OF WAILEA POINT VILLAGE; ROBERT READER, individually and as Resident Manager of AOAO Wailea Point Village; DARRYL JOHNSON, individually and as Security Supervisor of AOAO of Wailea Point Village; DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted June 14, 2018
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Charles Turner appeals a judgment in favor of the Association of Apartment

Owners of Wailea Point Village ("Wailea Point"), and two Wailea Point employees,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Robert Reader and Darryl Johnson. The district court granted a defense motion for summary judgment on Turner's claims asserting (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Hawaii law, Haw. Rev. Stat. § 378-2; (2) religious discrimination in violation of Title VIII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and Hawaii law, Haw. Rev. Stat. § 378-2; (3) violation of the Hawaii Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-62; and (4) intentional infliction of emotional distress. Reviewing de novo, *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011), we vacate the summary judgment on Turner's disability discrimination claims, but otherwise affirm.

1. Turner asserts disparate treatment and failure to accommodate disability claims under the ADA and Hawaii law. Because Hawaii looks "to interpretations of analogous federal laws" when interpreting its antidiscrimination laws, *Schefke v. Reliable Collection Agency, Ltd.*, 32 P.3d 52, 69 (Haw. 2001) (quoting *Shoppe v. Gucci Am., Inc.*, 14 P.3d 1049, 1058 (Haw. 2000)), we analyze both the federal and state law claims under the settled ADA precedents.

A. ADA discrimination claims are "subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)." *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014). Under that framework, on summary judgment, the plaintiff must first adduce sufficient evidence

of a prima facie case. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff meets that burden, the defendant must present evidence of a "legitimate, nondiscriminatory reason" for the challenged conduct. *Id.* If the defendant does so, then the burden of production returns to the plaintiff, who must offer evidence that the proffered nondiscriminatory reason is pretextual. *Id.* at 804.

In rejecting Turner's disparate treatment claim, the district court focused on the third *McDonnell Douglas* prong, finding no evidence of pretext. But Turner's burden on this front was not great. "To avoid summary judgment at this step, however, the plaintiff must only demonstrate that there is a genuine dispute of material fact regarding pretext. The amount of evidence required to do so is minimal." *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009). Thus, "any indication of discriminatory motive . . . may suffice to raise a question that can only be resolved by a fact-finder," and "[w]hen [the] evidence, direct or circumstantial, consists of more than the *McDonnell Douglas* presumption, a factual question will almost always exist with respect to any claim of a nondiscriminatory reason." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004) (omission and second alteration in original) (citations omitted).

Turner's declaration—which stated, for example, that Wailea Point singled him out for sleeping during the night shift while other employees did so without repercussions—raises a dispute of material fact as to disparate treatment. Turner's

3

declaration also states that he was disciplined for failing to report certain activity by residents, but other employees were not disciplined for like failures. Although Turner's declaration does not specifically allege that the non-disciplined employees in each instance were not disabled, given the small workforce at the apartment complex and the employer's knowledge of the employees, the declaration contains at least minimal evidence establishing a dispute of material fact on the issue of disparate treatment. *See Nicholson*, 580 F.3d at 1127.

B. Absent undue hardship, an employer must offer reasonable accommodations to disabled employees. 42 U.S.C. § 12112(b)(5)(A). Once an employee requests an accommodation, "the employer must engage in an interactive process . . . to determine the appropriate reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). "'Liability for failure to provide reasonable accommodations ensues only where the employer bears responsibility for the breakdown' in the interactive process." *Id.* (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1137 (7th Cir. 1996)).

Wailea Point plainly attempted to accommodate Turner's left foot injury. But, Turner testified that after he told his supervisor the initial accommodations were ineffective, the employer failed to explore additional modifications. Because an employer can violate "its duty regarding the mandatory interactive process" by failing to explore other possible accommodations once it becomes aware that current

4

accommodations are ineffective, *see Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001), there is a material issue of disputed fact on Turner's failure to accommodate claim.[1]

2.  To state a religious discrimination claim, Turner must show that "he had a bona fide religious belief, the practice of which conflict with an employment duty." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).[2] The record contains no evidence that Turner's religious beliefs conflict with his employment duty. Although Turner prefers to attend church at 7:00 a.m. on Sundays, he admitted that other services are available after his shift ends.

3.  To prevail under the Hawaii Whistleblowers' Protection Act, Haw. Rev. Stat. § 378-62, Turner must show that protected conduct had a "causal connection" to and was a "substantial or motivating factor" in the employer's retaliation, *Crosby v. State Dep't of Budget & Fin.*, 876 P.2d 1300, 1310 (Haw. 1994) (citation omitted). Even assuming that Wailea Point knew Turner had filed complaints with state authorities, the record does not contain evidence that such knowledge was a

---

[1]     With respect to Turner's accommodation claim relating to his right foot injury, however, the district court properly granted the employer summary judgment because Turner was responsible for the breakdown in the interactive process. *See Allen v. Pac. Bell*, 348 F.3d 1113, 1115 (9th Cir. 2003) (per curiam).

[2]     Hawaii looks to federal law as "a useful analytical tool" in evaluating religious discrimination claims. *Furukawa v. Honolulu Zoological Soc'y*, 936 P.2d 643, 649 (Haw. 1997). The parties do not claim that federal law and state law differ in any respect material to this appeal.

substantial or motivating factor in the decision to terminate him. The firing occurred over a year after Turner filed the complaints, a period too lengthy to establish the requisite causal connection. *See id*.; *Mussack v. State*, No. 28774, 2011 WL 6144904, at \*4 (Haw. Ct. App. Dec. 7, 2011).

4. Turner's intentional infliction of emotion distress claims required evidence of "outrageous" behavior, *Hac v. Univ. of Haw.*, 73 P.3d 46, 60–61 (Haw. 2003) (adopting Restatement (Second) of Torts § 46 (Am. Law. Inst. 1965)), which Hawaii case law defines as actions "without just cause or excuse and beyond all bounds of decency," *Enoka v. AIG Haw. Ins. Co.*, 128 P.3d 850, 872 (Haw. 2006) (citation omitted). The record contains no evidence of conduct by the defendants meeting this exacting standard. *See* Restatement (Second) of Torts § 46 cmt. d (requiring actions "regarded as atrocious, and utterly intolerable in a civilized community").

5. Finally, Wailea Point argues that some of Turner's disability discrimination claims are time-barred. That claim appears to have merit, but because the district court did not address it, we decline to do so in the first instance, without prejudice to Wailea Point asserting it before the district court on remand.

**AFFIRMED IN PART; VACATED IN PART; and REMANDED IN PART**. Each party shall bear its own costs on appeal.

6