NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSEMARY GARITY, | No. 18-15633 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01109-APG-CWH |
| v. | |
| APWU NATIONAL LABOR ORGANIZATION, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| NEVADA POSTAL WORKERS UNION, | |
| Intervenor. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted November 20, 2020
Pasadena, California

Before: PAEZ and OWENS, Circuit Judges, and ENGLAND,[**] Senior District Judge.

Rosemary Garity ("Garity") appeals the district court's grant of summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

judgement to Defendant American Postal Workers Union, AFL-CIO ("the National") on Garity's claims for disparate treatment, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, we affirm. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994).

**1**. Garity originally filed suit against both American Postal Workers Union, Local 7156 ("the Local") and the National. When the Local dissolved, the district court dismissed it from the suit, leaving the National as the sole defendant. Although the Local no longer exists, Garity argues that the National is vicariously liable for the Local's violations of the ADA.[1] There are two theories under which the National can be liable for the Local's wrongful actions. The district court correctly held that Garity cannot prevail under either.

A national union can be liable for the actions of a local under common law

---

[1] We are not persuaded that we should adopt the vicarious liability standard advocated by Garity in her Supplemental Opening Brief. Garity also argues that the National should be judicially estopped from denying that it is the Local's successor. Garity, however, did not raise this argument in the district court. Generally, arguments not raised before the district court are waived on appeal. *See Manta v. Chertoff*, 518 F.3d 1134, 1144 (9th Cir. 2008). While there are narrow exceptions to this practice, they do not apply to Garity's judicial estoppel argument. *United States v. Flores-Montano,* 424 F.3d 1044, 1047 (9th Cir. 2005) (stating that a court may exercise its discretion to review newly presented issues when there are exceptional circumstances, due to a change in law while appeal was pending, or when the issue is a pure issue of law and the opposing party will suffer no prejudice). As a result, this argument is waived.

agency principles. *Carbon Fuel Co. v. United Mine Workers of Am*., 444 U.S. 212, 216-17 (1979). In determining whether an agency relationship exists, both the terms of the entities' governing documents and the "actual relationship" between the entities are relevant. *Laughon v. Int'l All. Of Theatrical Stage Emps., Moving Picture Technicians, Artists & Allied Crafts of the U.S. & Can*., 248 F.3d 931, 935 (9th Cir. 2001). The Local was not an agent of the National. The National's Constitution and Bylaws explicitly state that locals are "fully autonomous." Further, the now-dissolved Local had its own constitution and bylaws, governing its day-to-day procedures and logistics. The "actual relationship" between the two entities also confirms that the Local was autonomous and not an agent of the National. The Local had its own bank account, appointed its own shop stewards, and held its own elections without the National's involvement.

Garity contends that the National acquiesced in the Local's discriminatory actions because Scoggins and Ybarra, National Business Agents ("NBAs"), gave Poulos guidance for handling Garity's grievances and failed to investigate several of her complaints. Although the NBAs provided guidance to Poulos, there is no evidence that they controlled or directed her decisions. Indeed, Poulos testified that all decisions concerning Garity's grievances were her own. Garity has not presented sufficient evidence to raise a genuine factual dispute over the role of the NBAs in the grievance process.

Alternatively, a national can be held liable for the actions of a local if the national "instigated, supported, ratified or encouraged the Local's activities . . . ." *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1543 (9th Cir. 1993). Here, however, the record evidence at most shows that the National had constructive knowledge of the Local's actions. "[C]onstructive knowledge of the Local's possibly illegal activity does not impose on the [National] a legal duty to intervene." *Id*. Even assuming that Garity complied with the National's complaint procedures, Garity does not identify any impermissible actions by the National. Instead, she alleges actions by officers and members of the Local. Poulos testified that she independently removed Garity as shop steward. And Raydell Moore, a former member of the Local, retired from the National in 2000, over eleven years prior to Garity's lawsuit. The evidence does not show that any of Moore's alleged actions or inactions had anything to do with the National during the relevant period. As the record shows, the NBAs acted without supervision from the National.

Garity has not presented sufficient evidence to raise a genuine factual dispute that either the Local was acting as an agent of the National, or that the National instigated, ratified, or encouraged the Local's alleged discriminatory actions. On this record, the district court did not err in concluding that the National cannot be held vicariously liable for the actions of the Local.

**2**. The district court also properly granted summary judgment in favor of the National on Garity's ADA claims. Garity contends that the National discriminated against her because of her disability, failed to accommodate her disabilities, and retaliated against her for engaging in protected activity. To "establish a prima facie case of discrimination under the ADA [the plaintiff] must show that she: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of her disability." 42 U.S.C. § 12101, et seq.; *see Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

Garity's disparate treatment claim fails at step three because she cannot show either direct evidence of discrimination by the union or evidence that the union treated her less favorably than non-disabled, similarly situated individuals. *See Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 882 (9th Cir. 2007). To the contrary, the National took steps to ensure that Garity was provided with the grievance representatives that she wanted, and her complaints related to actions by the United States Postal Service ("USPS") or actions by NBAs who were not agents of the National.

The prima facia elements of a failure to accommodate claim are similar to a disparate treatment claim, except at step three, the employee must show that "[she] is a qualified individual [who is] able to perform the essential functions of the job with reasonable accommodation." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th

5

Cir. 2003). Garity's failure to accommodate claim fails because she cannot show that the National caused or attempted to cause the USPS to fail to provide a reasonable accommodation. *See* 42 U.S.C. § 2000e-2(c)(3). Only USPS officers participated in Garity's accommodation hearing before the District Reasonable Accommodation Committee ("DRAC"), and there is no evidence that the National "prevented or obstructed" the USPS from providing her with an accommodation. Instead, DRAC independently determined that no "reasonable accommodation" was available to allow Garity to perform her essential job duties because her requested accommodations would cause "undue hardship" to the USPS and/or violate the CBA. Further, Garity provided no evidence that she requested the National to address any accommodation issues.

"To establish a prima facie case of retaliation under the ADA, an employee must show that: 1) [she] engaged in a protected activity; 2) suffered an adverse employment action; and 3) there was a causal link between the two." *Pardi v. Kaiser Found. Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004). Garity's claim fails because she cannot satisfy the second and third elements. While Garity alleges that several statements by Scoggins and certain events were retaliatory, she does not articulate how these statements or events were intended to punish or discourage her from pursuing ADA-protected rights. Further, the record evidence is insufficient to attribute the alleged retaliatory statements and events to the

6

National, as opposed to the USPS, NBAs, or the Local.

For the foregoing reasons, there is no genuine issue of material fact as to whether the National took adverse actions against Garity because of her alleged disability or participation in protected activity in violation of the ADA. The district court correctly determined, as a matter of law, that the National was entitled to summary judgment on Garity's ADA claims.

**3**. Finally, Garity argues that the district court erred by dismissing the Local and by not establishing which entity was the Local's successor. Generally, arguments that were not raised in the district court are waived. *See Mantra*, 518 F.3d at 1144. We have recognized three narrow exceptions to this general rule. *Flores-Montano,* 424 F.3d at 1047. These exceptions, however, do not apply here. As such, both arguments are waived.

**AFFIRMED.**