NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STANLEY R. TSUJI,

             Plaintiff-Appellant,

v.

KAMEHAMEHA SCHOOLS,

             Defendant-Appellee.

No. 16-15105

D.C. No. 1:14-cv-00206-JMS-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Stanley R. Tsuji appeals pro se from the district court's summary judgment

in his employment action alleging claims under the Americans with Disabilities

Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

*Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Tsuji's discrimination claim because Tsuji failed to raise a genuine dispute of material fact as to whether he was disabled, and whether defendant's legitimate, nondiscriminatory reasons for terminating his employment were pretextual. 42 U.S.C. § 12102(1) (defining disability); *Smith*, 727 F.3d at 955 (setting forth elements of a prima facie case of ADA discrimination); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093-94 (9th Cir. 2001) (outlining requirements for showing that termination was pretextual).

The district court properly granted summary judgment on Tsuji's failure-to-accommodate claim because Tsuji failed to raise a triable dispute as to whether he was disabled. *See Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (setting forth elements of prima facie case under the ADA for failure-to-accommodate).

The district court properly granted summary judgment on Tsuji's retaliation claim because Tsuji failed to raise a triable dispute as to whether there was a causal link between Tsuji's protected activity and his termination, and whether defendant's reasons for terminating his employment were pretextual. *See Brown v. City of Tucson*, 336 F.3d 1181, 1187-88 (9th Cir. 2003) (setting forth elements of a prima facie case of ADA retaliation, and requirements for establishing pretext).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

16-15105

Tsuji's motion to vacate his reply brief is denied as unnecessary.

**AFFIRMED.**